UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORTH CENTRAL INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-cv-903-WTL-TAB |
| | ) | |
| FIREWORKS OF ALABAMA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant Fireworks of Alabama, Inc.'s motion to dismiss for lack of personal jurisdiction and the Plaintiff's reply thereto. The Defendant has not filed a reply brief in support of its motion, and the time for doing so has expired. Accordingly, the motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

The facts alleged in the complaint are very simple. The Defendant, a fireworks retailer located in Alabama, ordered $167,897.81 worth of fireworks from the Plaintiff, a fireworks wholesaler located in Indiana. The Plaintiff shipped the fireworks to the Defendant from its warehouse in Muncie, Indiana. The Plaintiff alleges that the Defendant has made three payments totaling $53,200.00 but has refused to pay the balance due.

In the instant motion, the Defendant seeks dismissal of the Plaintiff's claims against it on the ground that this Court lacks personal jurisdiction over it. Where, as here, there is no applicable federal statute providing for nationwide service of process, a federal district court may exercise personal jurisdiction over a defendant if a court of the state in which it sits would have such jurisdiction. Fed.R.Civ.P. 4(k)(1)(A). This Court sits in Indiana, and Indiana Trial

Rule 4.4(A) provides for jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States"; in other words, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Federal Due Process Clause. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

There are two forms of personal jurisdiction that a court may constitutionally exercise over a non-resident defendant, "general" and "specific" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). At issue in this case is specific jurisdiction, which is applicable when the basis of the suit "arises out of or is related to" the defendant's contacts with the forum state. "To establish specific jurisdiction under the familiar minimum contacts analysis, a plaintiff must show that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state and that the exercise of personal jurisdiction over that defendant would comport with traditional notions of fair play and substantial justice." *Jennings*, 383 F.3d at 549 (citations and internal quotation marks omitted). It is not enough that the defendant had "fortuitous contacts" with the state; rather, jurisdiction must be based on contacts that "demonstrate a real relationship with the state with respect to the transaction at issue." *Purdue Research Foundation*, 338 F.3d at 780. So long as it creates a "substantial connection" with the forum, even a single act can support jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957)).

When a defendant challenges the Court's personal jurisdiction over it, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where, as here, a motion to dismiss is resolved without an

2

evidentiary hearing, the plaintiff's burden is satisfied if it makes a prima facie case of personal jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (citations omitted).

In this case the facts relevant to the issue of personal jurisdiction are essentially undisputed. The Defendant placed six orders with the Plaintiff between 1999 and 2007. All of the orders were initiated by the Defendant by a representative of the Defendant calling the Plaintiff's business in Indiana. The parties have had 10-15 telephone conversations over the years; one to three of them involved the order at issue in this case. The fireworks purchased by the Defendant were shipped by the Plaintiff from its warehouse in Indiana. The Defendant mailed its payments to the Plaintiff's Indiana address.

While the Defendant's contacts with Indiana are minimal, the Court finds that by initiating contact with an Indiana company and contracting to have that company ship goods to it from Indiana, the Defendant engaged in conduct with enough of a connection to Indiana that this Court may exercise personal jurisdiction over it. In addition, permitting the Defendant in this case to be sued in Indiana with regard to the transaction at issue does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

> A state has an interest in providing its residents with a forum for redressing harms caused by an out-of-state actor, particularly where the out-of-state actor has purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Citadel Group Ltd. v. Washington Regional Medical Center*, 536 F.3d 757, 761 (7th Cir. 2008) (citation omitted). "'The Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed.'" *Id.* at 764 (quoting *Burger King*, 471 U.S. at 474). In addition, Indiana has an interest in protecting its citizens' contractual interests, and "it is fair for [the Defendant] to answer for any obligations it incurred in [Indiana]." *Id.*[1]

The Defendant should have reasonably anticipated being sued by the Plaintiff in Indiana if a dispute arose regarding its fireworks purchase. Accordingly, and for the reasons set forth above, the Defendant's motion to dismiss for lack of personal jurisdiction is **DENIED**.

SO ORDERED: 02/09/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] As in this case, the defendant in *Citadel Group* never traveled to the jurisdiction at issue. However, "[s]o long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Burger King*, 471 U.S. at 476 (citations omitted).